IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

BRADY LEE HORTON                                                    PLAINTIFF

v.                              Civil No. 10-3082

SHERIFF JERRY LOGGINS;
CHIEF DEPUTY JOEY PRUITT;
DEPUTY DEWAYNE PIERCE;
DEPUTY DEREK HARMON; and
DR. JOSE ABISEID                                                   DEFENDANTS

### ORDER

Before the court are the following motions filed by the plaintiff: (1) a motion for
appointment of counsel (Doc. 7); (2) a motion to supplement the complaint (Doc. 10); (3) a
motion to amend the complaint (Doc. 11); and (4) a motion to seal documents (Doc. 22). Each
motion will be addressed in turn.

**Motion for Appointment of Counsel** (Doc. 7)

This is a civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff proceeds *pro se*
and *in forma pauperis*.

In *Mallard v. United States District Court*, 490 U.S. 296, 109 S. Ct. 1814, 104 L. Ed. 2d
318 (1989), the Supreme Court held that 28 U.S.C. § 1915 does not authorize a federal court to
require an unwilling attorney to represent an indigent litigant in a civil case. Section 1915(e)(1)
provides: "the court may request an attorney to represent any person unable to afford counsel."

"Indigent civil litigants do not have a constitutional or statutory right to appointed
counsel." *Edgington v. Missouri Dept. of Corrections*, 52 F.3d 777, 780 (8th Cir. 1995)(citation
omitted). "Once indigent pro se litigants meet their burden of showing that their complaints are
not frivolous . . . counsel should be appointed if the district court determines it is necessary." *Id.*

AO72A
(Rev. 8/82)

The standard used in determining the necessity of appointing counsel is whether both the litigant and the court would benefit from the assistance of counsel. *Id.* "'Factors bearing on this determination include:  the factual complexity of the issues; the ability of an indigent to investigate the facts; the existence of conflicting testimony; the ability of an indigent to present his claim; and the complexity of the legal issues.'" *Id.* (*quoting, Nachtigall v. Class*, 48 F.3d 1076, 1081 (8th Cir. 1995)). *See also  Stevens v. Redwing*, 146 F.3d 538, 547 (8th Cir. 1998); *Bumgarner v. Malin*, 97 F.3d 1456 (8th Cir. 1996); *Johnson v. Williams*, 788 F.2d 1319, 1322-23 (8th Cir. 1986).

In his motion, plaintiff states he should be appointed counsel because his knowledge of the law is limited and the issues to be presented are complex.  Without the assistance of counsel, plaintiff argues he will be unable to meaningfully pursue his claims.

After review of the complaint, it does not appear that either the facts or the claims are so complex that plaintiff will be unable to adequately present his claims.  Thus far, plaintiff has been able to adequately set forth his claims.  He has filed a number of motions including motions to supplement or amend his complaint and a motion to seal documents.  The documents filed by plaintiff have been easily understood by the court.  From what is currently before the court, it appears the plaintiff will be able to adequately investigate and present his case.

The motion for appointment of counsel (Doc. 7) is denied.

***Motion to Supplement the Complaint*** (Doc. 10)

Plaintiff seeks to add a claim that arose on October 4, 2010, and involves the Searcy County Detention Center.  Plaintiff is no longer incarcerated at Searcy County.  Furthermore, because of the exhaustion requirements of the Prison Litigation Reform Act, plaintiff cannot add

claims arising after this case was filed.

**Motion to Amend the Complaint** (Doc. 11)

Plaintiff seeks to amend his complaint to add the following defendants:  Searcy County Jail Administrator Brandy Blair; Deputy Prosecutor Joe Don Whittingham, and District Judge Reynolds.

The motion (Doc. 11) is granted in part and denied in part.  Deputy Prosecutor Joe Don Whittingham is immune from suit.  The United States Supreme Court, in *Imbler v. Pachtman*, 424 U.S. 409, 431, 96 S. Ct. 984, 995, 47 L. Ed. 2d 128 (1976), established the absolute immunity of a prosecutor from a civil suit for damages under 42 U.S.C. § 1983 "in initiating a prosecution and in presenting the State's case."  *Id.*, 424 U.S. at 427.  This immunity extends to all acts that are "intimately associated with the judicial phase of the criminal process." *Id.*, 424 U.S. at 430.

Additionally, District Judge Reynolds is immune from suit.  *Mireles v. Waco*, 502  U.S. 9, 11, 112 S. Ct. 286, 116 L. Ed. 2d 9 (1991)("Judicial immunity is an immunity from suit, not just from ultimate assessment of damages.").  *See also Duty v. City of Springdale,* 42  F.3d 460, 462 (8th Cir. 1994). "Judges performing judicial functions enjoy absolute immunity from § 1983 liability." *Robinson v. Freeze*, 15 F.3d 107, 108 (8th Cir. 1994).  "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority."  *Stump v. Sparkman*, 435 U.S. 349, 356-57, 98 S. Ct. 1099, 55 L. Ed. 2d 331 (1978).

Plaintiff will be allowed to add Searcy County Jail Administrator Brandy Blair as a defendant.  **The clerk is directed to note on the docket sheet that Ms. Blair has been made a defendant.  The clerk is also directed to file Document 11 as an amended complaint**.

The court hereby directs the United States Marshal to serve the Defendant Blair. Defendant Blair may be served at the Searcy County Sheriff's Office/Detention Center, 208 Factory Road, Marshall AR 72650.

Defendant Blair is to be served without prepayment of fees and costs or security therefor. The defendant is ordered to answer within twenty-one (21) days from the date of service.

***Motion to Seal Documents*** (Doc. 22)

In this motion, plaintiff to seeks to seal any documents "concerning information that [he has] given to the United States Government about the Hillbilly/Mexican Maffia." This is a civil rights action in which plaintiff maintains his constitutional rights were violated by various individuals from the Searcy County Sheriff's Office, the Searcy County Detention Center and Dr. Abiseid. No documents filed have to do with plaintiff's assistance allegedly provided to the United States Government in connection with the Hillbilly/Mexican Maffia. The motion to seal (Doc. 22) is denied.

IT IS SO ORDERED this 29th day of November 2010.

/s/ *J. Marschewski*

HON. JAMES R. MARSCHEWSKI
CHIEF UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)